**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-cv-62551-ALTMAN/Hunt**

**JOSIE WILLIAMS**,

    *Plaintiff*,

v.

**EXPERIAN INFORMATION SERVICES, INC.**, *et al.*,

    *Defendants*.

_____/

**ORDER REQUIRING REMOVAL STATUS REPORT
AND JOINT SCHEDULING REPORT**

To better manage the orderly progress of this case, the Court hereby **ORDERS** as follows:

1. Counsel for the non-removing party must file a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction[1] within **thirty (30) days** after the filing of the notice of removal under 28 U.S.C. § 1446(b).

2. **By February 8, 2022,** counsel for the removing party is directed to file and serve a *Removal Status Report*. Failure to file a timely *Removal Status Report* shall be grounds for remand. **By that same date,** in addition to the *Removal Status Report*, counsel for the removing party must file copies of all records and proceedings before the state court.

3. The *Removal Status Report* shall contain the following:

   a. A plain statement of the nature of the claim and any counterclaim, cross-claim, or third-party claim made in state or federal court, including the amount of damages claimed and any other relief sought.

   b. A plain statement of the grounds for removal and a list of all parties to the action,

---

[1] The issue of lack of subject matter jurisdiction may be raised at any time. *See* 28 U.S.C. § 1447(c).

  including parties to any third-party claim.

 c. A list of all pending motions.

 d. A brief statement by each Defendant explaining whether or not each has joined in or consented to the notice of removal.

 e. A statement regarding whether the Defendant(s) have removed the action within thirty (30) days after the receipt by the Defendant(s), through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within thirty (30) days after service of summons upon the Defendant(s), if such initial pleading has then been filed in court and is not required to be served on the Defendant(s) in the action.

 f. **The removing party or parties' failure to provide the information requested in this Notice, or any information required by 28 U.S.C. § 1446(a), may result in remand of the action without further notice**.

4. Counsel for the removing party shall provide copies of this Notice to all concerned parties.

5. The parties **shall prepare and file a joint scheduling report**, as required by Local Rule 16.1, by **February 8, 2022**. In addition, by that same date, the parties, including governmental parties, must file certificates of interested parties and corporate disclosure statements that contain a complete list of persons, associated persons, firms, partnerships, or corporations that have a financial interest in the outcome of this case, including subsidiaries, conglomerates, affiliates, parent corporations, and other identifiable legal entities related to a party. Throughout the pendency of the action, the parties are under a continuing obligation to amend, correct, and update the certificates.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 18th day of January 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record